# Hanlon, County Attorney, et al. v. Cleary, County Judge, et al.

(Decided February 2, 1911.)

## Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. **Public Roads—Reconstruction of.—**Under section 1840 of the Kentucky Statutes, which gives Fiscal Courts jurisdiction to appropriate county funds and to provide for the good condition of the highways in the county, and section 4306 of the Kentucky Statutes, which gives the general charge and supervision of the public roads to the Fiscal Court, it has power to reconstruct the public turnpikes belonging to the county.

2. **Same—Contracts for Public Letting.—**Section 4315 of the Kentucky Statutes, which requires, in counties wherein roads are worked by taxation, that contracts for the working and keeping in repair the roads of the county shall be let by competitive bidding after advertisement and for a term of not less than one nor more than four years, does not apply to the letting of a contract for the reconstruction of a road.

3. **Rule of Fiscal Court as to Letting.—**Where a Fiscal Court voluntarily adopted a rule to let all work costing more than one hundred dollars by competitive bidding after advertisement, it could ignore the rule, since it was not imposed by statute or by ordinance enacted pursuant to statutory authority.

F. J. HANLON for appellants.

MYERS & HOWARD, S. D. ROUSE and C. B. THOMPSON for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This action was brought by the county attorney of Kenton county, for and on behalf of that county, against the county judge and county commissioners constituting the Fiscal Court of the county, for the purpose of enjoining the defendants from entering into a contract with C. M. Hanna for the reconstruction of 25 miles of the turnpike roads in Kenton county. The grounds relied upon for the injunction, are that the contract is illegal because it was made in violation of a rule of the Kenton Fiscal Court, and further, because the court violated section 4315 of the Kentucky Statutes, which, it is claimed, applies to this case and requires competitive bidding in the letting of all contracts of this character.

Under the direction of the Fiscal Court, its clerk was directed to, and did advertise for bids for the reconstruc-

tior of 100 miles of turnpike roads in Kenton county, in accordance with specifications on file in the county court clerk's office. In response to this advertisement, the Logan & Jennings Company submitted a bid to do the work for $345 per mile; Garretson submitted a bid based upon lineal foot measure, which amounted to $1,200 per mile, and C. M. Hanna offered to do the work at $200 per mile. Hanna's bid was accepted in part, and for the reconstruction of 25 miles of road, although his bid offered to reconstruct 100 miles of road.

It is contended, however, that Hanna's bid was not submitted under, and did not comply with the specifications in the following respects: It included a bid for extra work; a maintenance proposition; that he was to be paid for every five miles of road when it was completed, while the specifications provided for monthly payments to the contractor in amounts not to exceed 90 per cent. of the work then done, and that it did not propose to take up the bed rock and shoulder rock and break them in the manner prescribed by the specifications. It is further contended that the contract was invalid because it was accepted for 25 miles, when the bids were based upon specifications calling for 100 miles of road; and also because there is no law providing for a reconstruction of the highways of the State. The Circuit Court sustained a demurrer to the petition, and the county attorney appeals from the order dismissing it.

Before considering the questions relating to the alleged irregularities of the bid, it is proper to consider the larger questions presented (1) by appellant's contention that there is no law authorizing a reconstruction of turnpike road, and (2) by appellee that there is such authority and that the making of contracts therefor is not controlled by section 4315 of the statutes.

Section 1840, of the Kentucky Statutes, relating to "Fiscal Courts" sets out in detail the jurisdiction and powers of Fiscal Courts, and among other powers, they are given "jurisdiction to appropriate county funds authorized by law to be appropriated," to "provide for the good condition of the highways in the county." Section 4306, of the Kentucky Statutes, found in the chapter on "Roads and Passways," provides as follows:

"The fiscal court of each county shall have general charge and supervision of the public roads and bridges therein, and shall prescribe necessary rules and regulations for repairing and keeping the same in order, and

for the proper management of all roads and bridges in said county under and subject to the provisions of this act. The public roads shall be maintained, either by taxation or by hands allotted to work thereon, or both, in the discretion of the fiscal court of the respective counties, as hereinafter provided."

Section 4315 of the same chapter, in so far as it is applicable, reads as follows:

"In counties wherein roads are worked by taxation, it shall be the duty of the supervisor, or if there is no supervisor, the county judge, to advertise for fifteen days in succession in some newspaper of general circulation in the county or by written or printed notices posted up in three or more conspicuous places in each voting place in said county just preceding the regular monthly meeting of the fiscal court in April in each year, that the fiscal court will receive bids to let out to the lowest and best bidder (who shall give bond with surety approved by said court) the working and keeping in repair of all roads in said county for a term of not less than one nor more than four years, not however including in such letting, roads previously contracted for. The said work shall be done as prescribed in bonds of contractors, the fiscal court reserving the right to annul any and all contracts made with contractors, when the terms of the contracts are not fully complied with.

"The fiscal court shall also let out at such times needed and on reasonable (printed or written) notice, the building and repairing of all such bridges and culverts as are not embraced in the contracts for working roads. It shall be the duty of the supervisor to superintend the opening, widening and changing of roads, superintend the erection of gates on public roads, to inspect new roads and alterations in the roads, and report the same to the fiscal court when and in the manner directed by said court and to see that all roads and bridges are kept clear of obstructions and at all times in good order for travel and transportation."

The roads of Kenton county are worked by taxation, and the county has a road supervisor. There is no charge of fraud or bad faith against any of the defendants; on the contrary, the record clearly shows that they are all working for what they conceived to be the best interest of the county.

In giving sections 1840 and 4306 of the Statutes a reasonable construction, we can not agree with the contention of the appellant, that there is no statutory au-

thority in the fiscal court to reconstruct a turnpike road; for, under section 1840, which gives the fiscal court specific authority to provide for the good condition of the highways of the county, and section 4306, which further gives that court general charge and supervision of the public roads and the proper management and keeping of the same, we think the Fiscal Court has ample power to reconstruct the roads in question.   The authority under section 1840 to "provide for the good condition of the highways of the county" and to appropriate money for that purpose, is of itself broad enough to cover the reconstruction of a highway.   In view of this broad language, it certainly never was the intention of the legislature to leave the county helpless in the matter of providing good and suitable highways for the use of the citizens of the Commonwealth.   On the contrary, it is evident that, in using the broad language of sections 1840 and 4306, above quoted, the Legislature intended that the fiscal court should have the broadest powers in this respect.

Does section 4306 or section 4315, above quoted, require the Fiscal Court to make contracts for reconstruction of turnpikes, by a letting to the lowest and best bidder after advertisement for bids?

The rule of the Fiscal Court, which appellant claims has been violated, provides as follows:

"In all work of public matters or in the purchase of material or supplies, no contract shall be made for same where the amount exceeds the sum of one hundred dollars, until first advertising for and receiving bids for same, and said contract shall be let to the lowest and best bidder."

It is apparent, however, that the provision in section 4306, which requires the fiscal court to prescribe necessary rules and regulations for repairing and keeping the public roads and bridges in order, does not refer to rules and regulations governing the proceedings of the Fiscal Court, such as the rule adopted by the Kenton fiscal court, but that it refers only to rules and regulations intended to control the character and manner of the work of repairing and keeping the roads and bridges in order.   Neither does the rule have the force of a statutory provision, or the force of a municipal ordinance, as was the case in Fineran v. Central Bitulithic Paving Co., 116 Ky., 501.   Therefore, although the fiscal court adopted a rule which required the letting of all work which would

cost more than a hundred dollars to be done by competitive bidding, an infraction of that rule would not have the effect of rendering the contract illegal, for the reason that the fiscal court, having power to enact such a rule, may revoke or disregard it, since the law did not impose the rule upon it as a duty. Turning, then, to section 4315, above quoted, it will be observed that it requires the supervisor to advertise for fifteen days preceding the April term of the Fiscal Court, for bids for working and keeping in repair the roads of the county for a term of not less than one nor more than four years. Clearly this section does not cover a case of the reconstruction of a turnpike road, for that is a work which, by its nature, can be done at one time; and the provision of the statute referring to a term of from one to four years applies to the working and keeping roads in repair, not to their construction or reconstruction. So, when the Fiscal Court came to make the contract in this case for the reconstruction of the roads, it found no provisions in the statute requiring competitive· bidding, since section 4315 clearly applied to contracts let by the supervisor for general repairs. In reaching this conclusion the Circuit Judge said: "This view is strengthened by the fact that the statute recognizes that there are many counties in which there are no supervisors, but there is no provision requiring the fiscal court or other officer in such counties to let the contract by competitive bids. The provision providing that the county judge shall do certain things therein specified, in the event there is no supervisor, does not specify or authorize him to let the contract even for the things which the supervisor is directed to let them for, which do not include such improvements as are in question here. The court is further of the opinion that the provisions of section 4315 show that it relates to those general, ordinary repairs of roads reasonably anticipated to be necessary to keep them in repair and not to the improvement of roads such as this is. This is apparent from the fact that the supervisor is directed to receive bids for keeping all the roads in repair for one year, and this is the only thing directed by the section to be done by competitive bidding. The section does not relate to such improvements (reconstruction), and the statute does not confer on the supervisor any power to receive bids for such improvements. The power and authority to make such contracts rests not with the supervisor, but with the fiscal court."

Gay v. Haggard, Road Supervisor, 133 Ky., 435, is not controlling in this case, for the reason that it was a case of the ordinary work and repairs of the public roads under section 4315 of the Statutes above quoted, while the case at bar does not, as we have pointed out, come within the scope of that section of the statutes.

We concur in the conclusion reached by the circuit judge, that section 4315, which is the only section of the statutes which calls for competitive bids in making contracts for work on the public roads, does not apply to this case, and his judgment, sustaining the demurrer to the petition, is affirmed.